

12 CIV 0789

D. Maimon Kirschenbaum
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

FEB 01 2012
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**JOELLE LETTA,**

        **Plaintiff,**　　　　　　　**COMPLAINT**

  **v.**

**EQUINOX HOLDINGS, INC.**　　　**DEMAND FOR JURY TRIAL**

        **Defendant.**

-------------------------------------------------------x

1.     Plaintiff alleges as follows:

## JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.     Defendant Equinox Holdings, Inc. ("Defendant") is a Delaware Corporation that operates Equinox fitness centers in New York City and elsewhere. In mid-2011, Defendant purchased from L.A. Sports Club the fitness center at which Plaintiff worked.

5.     Plaintiff Joelle Letta was employed by Defendant as a member service manager at Defendant's Rockefeller Center location from October of 2010 until December 2011.

## FACTS

6.     Defendant committed the following alleged acts knowingly, intentionally and willfully.

7.     Defendant knew that nonpayment of overtime would economically injure Plaintiff and violated federal and state laws.

8.     Plaintiff's primary job duties while employed by Defendant were data entry related to members' accounts. Plaintiff did not manage any employees and did not fit into any of the federal or state provisions exempting high-level employees from overtime pay.

9.     Plaintiff typically worked between 50 and 60 hours per week.

10.    Defendants paid the Plaintiff a flat salary each week, regardless of how many hours Plaintiff worked. As a result, Plaintiff was not paid any overtime premium for hours she worked in excess of forty (40) per workweek.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

11.    Plaintiff realleges and incorporates by reference all previous paragraphs.

12.    Plaintiff worked in excess of forty (40) hours per workweek.

13.    Defendant willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rate of one and a half times her regular rate for hours worked in excess of forty (40) hours per workweek.

14.     Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Overtime Violations,
### N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2)

15.     Plaintiff realleges and incorporates by reference all previous paragraphs.

16.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

17.     Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times her regular wage for hours worked in excess of forty (40) hours per workweek.

18.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

B.     Costs of action incurred herein, including expert fees;

C.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

D.      Pre-Judgment and post-judgment interest, as provided by law; and

E.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        February 1, 2012

Respectfully submitted,

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: _____
      D. Maimon Kirschenbaum

233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.